# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE TOVAR,<br>CDC #V-43941,<br><br>                    Plaintiff,<br><br>vs.<br><br>STEPHEN CLINE,<br><br>                    Defendant. | Civil No.   07-0023 BTM (PCL)<br><br>**ORDER:**<br><br>**(1)   DISMISSING ACTION WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(b); and**<br><br>**(2)   DENYING DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT AS MOOT**<br>**[Doc. No. 4]** |

## I.   Procedural History

On January 9, 2006, Plaintiff, a state inmate, currently incarcerated at Ironwood State Prison in Blythe, California, proceeding pro se, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983 in the Central District of California. United States Magistrate Judge Jeffrey Johnson granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") on January 11, 2006. On April 3, 2006, Magistrate Judge Johnson reviewed Plaintiff's Complaint and determined that the Complaint "states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b)" and ordered the United States Marshals to effect service of Plaintiff's Complaint.

After service of the Complaint, Defendant Cline filed a "Motion for More Definite Statement" in the Central District. It was later determined by United States District Judge Alicemarie Stotler that venue was more appropriate in the Southern District of California and transferred this action to the Southern District on December 8, 2006. Upon further review by this Court, this matter is appropriate for dismissal for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

**I.      Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)**

Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)).

Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. § 1915(e)(2) now mandate that the court reviewing a prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal

1  construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258,
2  1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that
3  were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268
4  (9th Cir. 1982).

5  As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim
6  under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof requirements upon a
7  claimant: (1) that a person acting under color of state law committed the conduct at issue, and
8  (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the
9  Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S.
10 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986);
11 *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

12 First, the only named Defendant is Stephen Cline, the attorney appointed to represent
13 Plaintiff during his criminal proceedings.  In his Complaint, Plaintiff alleges that Defendant
14 Cline failed to adequately represent him and conspired with prosecutors to coerce Plaintiff into
15 pleading guilty. (Compl. at 5-6.)   However, a person "acts under color of state law [for
16 purposes of § 1983] only when exercising power 'possessed by virtue of state law and made
17 possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County*
18 *v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326
19 (1941)).  Public defenders, appointed to represent a criminal defendant during trial, do not
20 generally act under color of state law because representing a client "is essentially a private
21 function ... for which state office and authority are not needed." *Polk County*, 454 U.S. at 319;
22 *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992).  Thus, when publicly
23 appointed defenders are performing as advocates, *i.e.*, meeting with clients, investigating
24 possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color
25 of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk*
26 *County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en
27 banc) (finding that public defender was not a state actor subject to suit under § 1983 because,
28 so long as he performs a traditional role of an attorney for a client, "his function," no matter how

ineffective, is "to represent his client, not the interests of the state or county.").

Moreover, to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based on the alleged ineffectiveness assistance of his trial counsel, his claim amounts to an attack on the validity of his underlying criminal proceedings, and as such, is not cognizable under 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489), *cert. denied*, 124 S. Ct. 2388 (2004). *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. A claim challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added). An action that is barred by *Heck* should be dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649.

Here, Plaintiff's ineffective assistance of counsel claims against Cline "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration. *Heck*, 512 U.S. at 487. Were Plaintiff to succeed in showing that Cline rendered ineffective assistance of counsel, an

award of damages would "necessarily imply the invalidity" of his conviction. *Id.*; *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different); *Lozada v. Deeds*, 964 F.2d 956, 958-59 (9th Cir. 1992) (remedy for ineffective assistance of counsel is a conditional writ granting petitioner's release unless state retries him or allows him to pursue an appeal with the assistance of counsel within a reasonable time). Thus, because Plaintiff seeks damages for an allegedly unconstitutional criminal proceedings in a San Diego Superior Court criminal case, and because he has not alleged that his conviction has already been invalidated, a section 1983 claim for damages has not yet accrued. *See Heck*, 512 U.S. at 489-90.

## III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED**:

(1) Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failing to state a claim. However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

**IT IS FURTHER ORDERED that**:

(2) Defendant's Motion for More Definite Statement [Doc. No. 4] is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: March 5, 2007

Hon. Barry Ted Moskowitz
United States District Judge